IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

BUCKLEY POWDER CO.
a Colorado corporation

    Plaintiff,

v.

INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.

    Defendant.

CIVIL ACTION NO.
1:13-cv-01845-REB-MJW

## ORDER PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION [Docket No 19-1]

The Court, having reviewed the parties' Joint Motion for Entry of Order Protecting Confidentiality of Documents and Information (Doc. No. 19), filed October 25, 2013 (the "Motion"), being fully advised in the premises, and good cause appearing therefor, hereby orders that the Motion is GRANTED, and enters the following Order Protecting Confidentiality of Documents and Information ("Protective Order") on the terms set forth below:

1.     In this action, the Plaintiff and the Defendant (collectively, the "Parties") anticipate producing and seeking production of CONFIDENTIAL INFORMATION (as defined in Paragraph 3 below) during discovery and that there will be questioning concerning CONFIDENTIAL INFORMATION in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties request the Court

to enter this Protective Order for the purpose of preventing the disclosure and use of CONFIDENTIAL INFORMATION except as set forth herein.

**SCOPE:**

2.  This Protective Order governs the handling of all documents (within the meaning of Rule 34 of the Federal Rules of Civil Procedure), answers to interrogatories, testimony and all other information, including copies, excerpts, and summaries thereof produced in this action.

**DEFINITIONS:**

3.  For purposes of this Protective Order, CONFIDENTIAL INFORMATION means any business, financial, personal and proprietary information that is not generally known to the public and that the "Producing Party" would normally maintain in confidence and not reveal to the general public including, but not limited to, (i) any information that the Producing Party is under a contractual or other legal obligation to keep confidential; (ii) social security numbers; (iii) tax-payer identification numbers; (iv) account identifying information; (v) a party's or customer of a party's highly confidential business strategies; (vi) customer financial records; or (vii) information that, if disclosed, could cause substantial enough harm to the Producing Party's (or any of its customer's) business or economic interests. Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION. The attorneys each agree not to designate material as "CONFIDENTIAL INFORMATION" unless he or she is satisfied that they can demonstrate good faith reasons for treating the information in this fashion.

4. For purposes of this Protective Order, "Producing Party" means a party to this action or any non-party on behalf of which information is furnished or produced during the course of this action.

5. For purposes of this Protective Order, "Receiving Party" means a party to this action or any non-party to which information is furnished or produced during the course of this action.

6. The term "documents" shall have the same meaning as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

**DESIGNATION OF INFORMATION:**

7. CONFIDENTIAL INFORMATION shall be designated as follows:

(a) Any Producing Party may stamp documents "CONFIDENTIAL" prior to production in this action.

(b) In the case of interrogatory answers, designation shall be made by starting a new page at the beginning of any answer containing CONFIDENTIAL INFORMATION and placing a legend of "CONFIDENTIAL" on that page and each following page until the end of any such answer or answers which are deemed so designated. Following the end of an answer or answers containing CONFIDENTIAL INFORMATION, a new page shall be started.

(c) In the case of depositions, designation of the portion of the transcript, including exhibits, which contains CONFIDENTIAL INFORMATION, may be made by a statement to such effect on the record during the course of the deposition. When the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript in separate portions containing the non-confidential material and the

3

CONFIDENTIAL INFORMATION and the reporter shall place the appropriate legend on the cover of the CONFIDENTIAL portions of the transcript. Portions of deposition transcripts may also be designated as CONFIDENTIAL within 21 days after receipt of the transcript by counsel for the person whose CONFIDENTIAL INFORMATION was disclosed at the depositions by serving on all other parties to the action a letter designating by page and line number the portion or portions of the deposition transcript containing CONFIDENTIAL INFORMATION. Until the 21-day period has expired, the full deposition testimony and transcript shall be treated in its entirety as CONFIDENTIAL INFORMATION covered by the Protective Order.

8. If any transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings that are to be filed with the Court (a "Filing") include CONFIDENTIAL INFORMATION, such pleadings or other papers shall be filed with the Clerk of the Court pursuant D.C.COLO.LCivR 7.2 as a "restricted document" -- access limited to the parties and the Court for fourteen days -- with simultaneous service of a copy of the Filing to counsel for the parties in this action via the CM/ECF system as well as to the Producing Party via e-mail and overnight mail if such Producing Party is not a party to this case. Thereafter, within the time provided by D.C.COLO.LCivR 7.2, a Producing Party may file a motion pursuant to D.C.COLO.LCivR 7.2 to restrict access directed to the Filing.

9. Designation of any document and information as CONFIDENTIAL INFORMATION also renders CONFIDENTIAL any originals, copies, excerpts, summaries, quotations or paraphrases of such materials by the Receiving Party.

10. All material which is designated by the Producing Party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to

the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution, defense, or trial of this action.

11. Subject to the provisions of this Protective Order, CONFIDENTIAL INFORMATION shall not, without the consent of the Producing Party or further Order of the Court, be disclosed *except that* such CONFIDENTIAL INFORMATION may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including the parties' respective officers, directors, and employees whose assistance is required by the parties' respective attorneys for preparation, trial, or other proceedings in this case;

    (d)    consultants and expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses;

    (h)    copy or other document service providers hired to assist counsel in this litigation; and

    (i)    other persons by written agreement of the parties.

12. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed in Subparagraphs 11(d), (g), (h) and (i), above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A to this Protective Order stating that he or she has read this Protective Order and agrees to be bound by its provisions. All acknowledgments shall be retained by such counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

**EXCEPTIONS:**

13. CONFIDENTIAL designations shall not apply to:

(a) any information which at the time of disclosure is available to the general public; or

(b) any information which (i) was already known to the Receiving Party from legitimate sources outside of any business relationship the Receiving Party may have had with the Producing Party, (ii) was independently developed by the Receiving Party, or (iii) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

Before any CONFIDENTIAL INFORMATION is excepted from this Protective Order, the Receiving Party must first identify in writing to the Producing Party the specific information to be excepted and the specific reason or reasons for the exception. If no objection is made by the Producing Party within 14 calendar days after it receives this identification from the Receiving Party, the identified information will be excepted from this Protective Order. If a timely objection is made, the Receiving Party may seek relief from the Court within 14 calendar

6

days after the objection. If the Receiving Party seeks relief from the Court, the identified information will continue to be covered by this Protective Order as CONFIDENTIAL INFORMATION unless the Court resolves the objection in favor of the Receiving Party. The burden shall be on the Producing Party to prove the grounds for the designation as CONFIDENTIAL INFORMATION and the burden shall be on the Receiving Party to prove the grounds for any exceptions as set forth in Subparagraphs 13(a) & (b) herein. If the Receiving Party does not seek relief from the Court, the identified information will continue to be covered by this Protective Order as CONFIDENTIAL INFORMATION as applicable.

14. The receipt of any document and information designated as CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any party that any such document and information is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

15. If the Receiving Party objects to the designation of certain information as CONFIDENTIAL INFORMATION, he or she shall inform the Producing Party's counsel, in writing, of the specific grounds of the objections to the designations. All counsel shall then in good faith and on an informal basis attempt to resolve such disputes. If the parties cannot resolve the dispute, the Producing Party must file an appropriate motion with the Court within 20 days of the date of the negotiations are terminated and request to maintain the confidentiality of the disputed material. If the Producing Party does not timely submit the motion to the Court, the designation will be deemed null and void. If timely submitted, the material shall continue to have CONFIDENTIAL INFORMATION status from the time it is produced until the ruling by the Court. The Producing Party shall have the burden of establishing the propriety of the

designation and the burden shall be on the Receiving Party to prove the grounds for any exceptions as set forth in Subparagraphs 13(a) & (b) herein.

16. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge of a designation.

17. Neither the taking of nor the failure to take any action to challenge any designation of CONFIDENTIAL INFORMATION pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim, or defense by any party in this action or any other action.

**INFORMATION INADVERTENTLY DISCLOSED:**

18. If a Producing Party inadvertently discloses to a Receiving Party any document and information that the Producing Party deems CONFIDENTIAL INFORMATION without designating it as CONFIDENTIAL INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document and information as CONFIDENTIAL INFORMATION under this Protective Order. To the extent such document and information may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document and information promptly from such persons and to prevent any further disclosure to unauthorized persons.

19. If the Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or

items of information be returned, and no party to this action shall hereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such document and information in accordance with the Federal Rules of Civil Procedure.

20. It is understood that no person or party shall incur liability with respect to any disclosure by the Receiving Party of CONFIDENTIAL INFORMATION that was inadvertently disclosed without proper designation by the Producing Party, provided the disclosure by the Receiving Party occurred prior to the receipt by the Receiving Party of a written notice of the inadvertent disclosure without proper designation.

21. If CONFIDENTIAL INFORMATION is disclosed in violation of this Order, the party who caused, permitted, or was otherwise responsible for the disclosure shall immediately inform the other party to this action of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any CONFIDENTIAL INFORMATION in violation of this Order.

**TERMINATION OF LITIGATION OR SETTLEMENT:**

22. Within 90 days of the conclusion or final settlement of this action and any appeal, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as CONFIDENTIAL INFORMATION

and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION; except that counsel for the parties may retain one archival copy of court filings and attorney work-product containing CONFIDENTIAL INFORMATION, which materials will otherwise remain subject to this Protective Order. The parties shall notify and advise the producing party whether they plan to destroy or assemble and return to the producing party the CONFIDENTIAL INFORMATION.

### ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION:

23. Nothing in the foregoing provisions of the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

### PRODUCTION OF CONFIDENTIAL INFORMATION BY NON-PARTIES:

24. The production of any CONFIDENTIAL INFORMATION by non-parties shall be subject to all the terms and conditions of this Protective Order. Pursuant to this Protective Order, a non-party shall be considered to be a Producing Party and shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION and the same rights to object to disclosures of their CONFIDENTIAL INFORMATION to individuals or businesses other than those set forth herein.

### OBLIGATIONS OF PARTIES:

25. If another court, administrative agency, or any person or entity subpoenas or orders production or disclosure of CONFIDENTIAL INFORMATION which a party has

obtained under the terms of this Protective Order, such party shall within three (3) business days notify in writing the Producing Party (either directly or through counsel) who produced the CONFIDENTIAL INFORMATION of the pending subpoena or order. The person or party subject to the subpoena or other request shall not produce or disclose the requested CONFIDENTIAL INFORMATION without consent of the producing or designating party or non-party until ordered to do so by a court of competent jurisdiction. Nothing in this Protective Order shall be construed as prohibiting production of CONFIDENTIAL INFORMATION covered by this Protective Order in response to a lawful Court Order.

26. Each of the parties named above and their counsel of record undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

27. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION in a manner not specifically authorized under this Protective Order.

28. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of any party or person with respect to any CONFIDENTIAL INFORMATION. The fact that any materials have been designated CONFIDENTIAL INFORMATION pursuant to this Protective Order shall not affect or operate as a means of objection to the admissibility of any such material; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. The fact that materials are designated as

CONFIDENTIAL INFORMATION pursuant to the Protective Order shall not affect what a trier of fact in this litigation or any other proceeding may find to be confidential or proprietary.

**EFFECT OF ORDER:**

29. This Protective Order shall remain in full force and effect unless modified by an Order of the Court. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate. The Court shall require the Parties to submit any dispute relating to or arising under the terms of this Protective Order to the Court for resolution.

30. Stipulations may be made, between counsel for the respective parties and Producing Parties, as to the application of this Protective Order to specific situations (e.g. documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.

31. The Court shall retain jurisdiction over this Protective Order and the parties for purposes of enforcing the terms of this Order — until Termination of this case.

MJW 10-28-13

IT IS SO ORDERED, with the consent of the parties.

DATED this 28 day of October, 2013.

BY THE COURT:

s/ *[signature]*

U.S. Magistrate Judge
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

DATED this 25th day of October, 2013.

AGREED TO AND APPROVED ON BEHALF OF THE RESPECTIVE PARTIES:

MINOR & BROWN, P.C.

/s/ Kim L. Ritter
Kim L. Ritter, Esq.
Eric J. Laury, Esq.
650 South Cherry Street, Suite 1100
Denver, CO 80246
Telephone: (303) 376-6016
Fax: (303) 320-1053
Email: kritter@minorbrown.com
       elaury@minorbrown.com

*Attorneys for Plaintiff Buckley Powder Co.*

ROGERS & HARDIN LLP

/s/ Daniel Zegura
Daniel D. Zegura, Esq.
Thomas J. Mew, Esq.
2700 International Tower
229 Peachtree Street NE
Atlanta, GA 30303
Telephone: (404) 420-4007
Fax: (404) 230-0980
Email: dzegura@rh-law.com
       tmew@rh-law.com

SHERMAN & HOWARD, LLC

/s/ Peter Koclanes
Peter G. Koclanes, Esq.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 299-8353
Fax: (303) 298-0940

*Attorneys for Defendant Infor (U.S.), Inc. as successor to Infor Global Solutions (Michigan), Inc. by way of merger*

## EXHIBIT A

The undersigned _____ (print or type name of person) hereby acknowledges that he or she received a copy of the ORDER PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION ("PROTECTIVE ORDER") entered in the case entitled *Buckley Powder Co. v. Infor Global Solutions (Michigan), Inc.*, Civil Action No. 1:13-cv-01845-REB-MJW, pending before the United States District Court for the District of Colorado, has read the PROTECTIVE ORDER, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the terms of the PROTECTIVE ORDER.

Dated: _____        _____
                                      [Signature]

                                      _____
                                      [Address]

                                      _____